UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DAKOTA PACE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-CV-1561 RLW |
| | ) | |
| JEREMY BOWLES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of self-represented plaintiff Dakota Pace for leave to commence this civil action without prepayment of the required filing fee. ECF No. 2. The Court has determined to grant the motion, and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). In addition, for the reasons discussed below, the Court will give plaintiff the opportunity to file an amended complaint and will deny, at this time, his motion seeking the appointment of counsel.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court

each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff filed his motion for leave to proceed *in forma pauperis* with a document titled, "Note: Regarding Account Statement," indicating the institution refuses to provide him with a copy of his inmate account statement. ECF No. 1-3. The Court will therefore assess an initial partial filing fee of $1.00, an amount that is reasonable based upon the information before the Court. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff initiated this prisoner civil rights action pursuant to 42 U.S.C. § 1983 by filing a complaint drafted on thirty-four pages of notebook paper. ECF No. 1. He brings this action against "road officer" Jeremy Bowles, a police canine officer named Teo, Sergeant Tim Harris, Deputy Unknown Scherffius, Deputy Unknown V. Jablonowski, four unknown sheriff deputies, and four unknown Farmington police officers. *Id.* at 3-9. Plaintiff indicates he is suing all defendants in their official and individual capacities.

Plaintiff alleges that on January 13, 2022, defendant Bowles caused his police canine, Teo, to attack him "several times" while plaintiff was restrained by officers on the scene. *Id.* at 10. He claims that defendant Bowles acted with excessive force under the supervision of defendants Harris and Jablonowski. *Id.* Plaintiff asserts defendants Bowles, Harris, and Jablonowski subsequently tried to conceal their wrongdoing by preventing him from speaking privately to medical professionals until defendant Scherffius later transported him to Parkland Health Center Emergency Department. *Id.* at 12-13. As to the "unknown" deputies and officers, plaintiff asserts

they violated his constitutional rights by acting in concert with the named defendants. *Id.* at 21-25. It is unclear from the factual allegations what exactly the "unknown" defendants did or failed to do in order to violate his constitutional rights.

Plaintiff claims the canine officer Teo had an altered titanium tooth, which caused injury to plaintiff's left leg and right thigh. *Id.* at 11, 17, 27. He also claims he suffered head abrasions and a contusion, a fractured nasal bone, and increased anxiety. *Id.* at 27. For relief, he seeks approximately $600,000 from each of the defendants. *Id.* at 30-31.

### Discussion

Having thoroughly reviewed and liberally construed plaintiff's complaint, the Court concludes it is subject to dismissal. However, in consideration of plaintiff's self-represented status, the Court will allow him to submit an amended complaint.

First, plaintiff's complaint is defective as a complaint commencing a civil case because it was not drafted on a Court-provided form. *See* Local Rule 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms").

Second, plaintiff's official capacity claims against all of the defendants fail to state a claim. An official capacity suit is a "way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). In other words, an official capacity claim against an individual is actually a claim "against the governmental entity itself." *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). *See also Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("a "suit against a public employee in his or her official capacity is merely a suit against the public employer"); *Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (a "plaintiff who sues public employees in their official, rather than individual, capacities sues only

the public employer"). Here, the complaint is devoid of allegations that would state a municipal liability claim against St. Francois County itself. *See Ulrich v. Pope Cnty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

Third, plaintiff's complaint does not comply with Federal Rule of Civil Procedure 8(a)(2), which requires a short and plain statement of the claim showing that the pleader is entitled to relief against the defendant. As currently drafted, plaintiff's complaint is a wholly repetitive thirty-four pages document. Despite the excessive length of the pleading, it is unclear how some of the defendants are liable for excessive force against the plaintiff. For example, merely stating that eight of the "unknown" deputies and police officers "acted in concert" with others is not adequate to state a claim. If plaintiff wishes to sue defendants in their individual capacities, he must allege short and plain facts connecting each defendant to the challenged action. *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). "A federal complaint must contain the 'who, what, when and where' of what happened, and each defendant must be linked to a particular action." *Drummer v. Corizon Corr. Health Care*, 2016 WL 3971399, at *1 (E.D. Mo. July 25, 2016).

Finally, the complaint does not contain allegations sufficiently specific to permit the identity of "unknown" deputies and police officers to be ascertained after reasonable discovery. An action may only proceed against a party whose name is unknown if the complaint makes sufficiently specific factual allegations to permit the identity of the party to be ascertained after reasonable discovery. *Munz v. Parr,* 758 F.2d 1254, 1257 (8th Cir. 1985).

5

In consideration of the plaintiff's self-represented status and the serious nature of his allegations, the Court will permit him to amend his complaint.

## Amendment Instructions

Plaintiff is warned that the filing of an amended complaint completely replaces the original complaint so it must include all claims plaintiff wishes to bring. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court-provided prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 45 – 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms").

In the "Caption" section of the complaint form, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may include additional sheets of paper. However, all the defendants must be clearly listed. Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both. Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim(s).

Fictitious parties, such as "John Doe," "Jane Doe," or "Unknown" may not generally be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). However, an action may proceed against a party whose name is unknown if the complaint makes sufficiently specific factual allegations to permit the identity of the party to be ascertained after reasonable discovery. *Munz*, 758 F.2d at 1257). Therefore, to avoid dismissal of any fictitious or unknown parties, plaintiff's allegations must provide enough facts to enable the identification of

that fictitious defendant during discovery. Simply identifying an individual as "Unknown Deputy" or "Unknown Farmington Police Officer" is not enough.

In the "Statement of Claim" section, plaintiff should begin by writing a defendant's name. In separate, numbered paragraphs under that name, plaintiff should: (1) set forth a short and plain statement of the factual allegations supporting his claim against that defendant; and (2) state what constitutional or federal statutory right(s) that defendant violated. Each averment must be simple, concise, and direct. *See* Fed. R. Civ. P. 8(a). If plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that defendant. No introductory or conclusory paragraphs are necessary.

Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant, and set forth as many claims as he has against him or her. *See* Fed. R. Civ. P. 18(a). Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal. The Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). Plaintiff must explain the role of each defendant so that each defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). For example, plaintiff

should indicate whether the individual he is suing was present during the alleged incident and what exactly they did or did not do to violate a specific constitutional right.

If plaintiff fails to file an amended complaint on a Court-provided form within thirty (30) days in accordance with the instructions set forth herein, the Court may dismiss this action without prejudice and without further notice to plaintiff.

Plaintiff must not amend a complaint by filing separate documents. Instead, he must file a single, comprehensive pleading that sets forth his claims for relief.

### Motion for Appointment of Counsel

Plaintiff has filed a motion to appoint counsel. ECF No. 3. In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has yet to file a complaint that survives initial review, so it cannot be said that he has presented non-frivolous claims. In addition, this case appears to involve straightforward factual and legal issues, and there is no indication that plaintiff cannot investigate

the facts and present his claims to the Court. The Court will consider future motions for appointment of counsel as the case progresses, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff two blank Prisoner Civil Rights Complaint forms.  Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court-provided form in accordance with the instructions stated above by **January 22, 2024**. Plaintiff is advised that his amended complaint will take the place of his original filing and will be the only pleading that this Court will review.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED** at this time without prejudice.

**IT IS FINALLY ORDERED** that if plaintiff fails to fully and timely comply with this Order, the Court will dismiss this action without prejudice and without further notice.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 21st day of December, 2023.