UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAKOTA PACE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:23-CV-1561 RLW |
| JEREMY BOWLES, et al., | ) ) ) |
| Defendants. | ) ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the filing of an amended complaint by self-represented plaintiff Dakota Pace, an inmate currently housed at the Eastern Reception Diagnostic and Correctional Center.[1] ECF No. 7. For the reasons discussed below, the Clerk of Court will be directed to issue process on plaintiff's individual capacity claims against defendants Officer Jeremy Bowles, Sergeant Tim Harris, Deputy Vincent Jablonowski, and Deputy Ryne Scherffius, for excessive force and failure to intervene. The Court will, however, dismiss plaintiff's remaining claims for failure to state a claim and/or legal frivolity under 28 U.S.C. § 1915(e).

### Background

Plaintiff initiated this prisoner civil rights action pursuant to 42 U.S.C. § 1983 by filing a complaint drafted on thirty-four pages of notebook paper. ECF No. 1. He brought this action against Officer Jeremy Bowles, a police canine named Teo, Sergeant Tim Harris, Deputy Unknown Scherffius, Deputy Unknown V. Jablonowski, four unknown sheriff deputies, and four unknown Farmington police officers. *Id.* at 3-9. Plaintiff indicated he was suing all defendants in their official and individual capacities.

---

[1]At the time of filing his original and amended complaints, plaintiff was confined at the St. Francois County Detention Center, but has since been transferred to the Eastern Reception Diagnostic and Correctional Center in Bonne Terre, Missouri. *See* ECF No. 8.

Plaintiff's allegations involved an incident that took place on January 13, 2022. Plaintiff alleged defendant Bowles caused his police canine, Teo, to attack him "several times" while plaintiff was restrained by officers on the scene. *Id.* at 10. Plaintiff claimed the canine Teo had an altered titanium tooth, which caused injury to plaintiff's left leg and right thigh. *Id.* at 11, 17, 27. He asserted defendant Bowles acted with excessive force under the supervision of defendants Harris and Jablonowski. *Id.* Plaintiff alleged defendants Bowles, Harris, and Jablonowski subsequently tried to conceal their wrongdoing by preventing him from speaking privately to medical professionals until defendant Scherffius later transported him to Parkland Health Center Emergency Department. *Id.* at 12-13. As to the "unknown" deputies and officers, plaintiff indicated they violated his constitutional rights by acting in concert with the identified defendants. *Id.* at 21-25. It was unclear from the factual allegations what exactly the "unknown" defendants did or failed to do in order to violate plaintiff's constitutional rights.

On December 21, 2023, the Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915(e) and determined it was subject to dismissal. ECF No. 4. First, plaintiff's complaint was defective because it was not drafted on a Court-provided form. Second, the official capacity claims failed because the complaint was devoid of allegations to support a municipal liability claim against St. Francois County. Third, plaintiff's complaint did not comply with Federal Rule of Civil Procedure 8(a)(2), which requires a short and plain statement of the claim showing that the pleader is entitled to relief against each defendant. Specifically, it was unclear how some of the defendants were personally involved in or directly responsible for the alleged violations. Lastly, the complaint did not contain allegations sufficiently specific to permit the identity of "unknown" deputies and police officers. In consideration of plaintiff's self-represented status and the serious nature of his allegations, the Court permitted him to amend his complaint.

2

## Amended Complaint

Plaintiff timely filed an amended complaint on a Court-provided form. ECF No. 7. He narrows the defendants to four employees of the St. Francois County Sheriff's Department – Deputy Sheriff Jeremy Bowles, Sergeant Mathew Timothy Harris, Deputy Vincent Jablonowski, and Deputy Ryne Scherffius – and police canine Teo. *Id.* at 3-4. Plaintiff indicates he is bringing this action against all defendants in their official and individual capacities. *Id.* at 1.

Plaintiff provides his Statement of Claim on thirty-three pages of notebook paper. *Id.* at 6-39. He alleges defendant Bowles used excessive force on January 13, 2022 while effectuating plaintiff's arrest by ordering police canine, Teo, to attack him twice after he was placed in handcuffs and while he was restrained by defendant Harris. *Id.* at 6-7, 11-12, 28, 34. Defendant Harris allegedly "had Dakota Pace face down on the ground" when plaintiff was attacked by Teo. *Id.* at 18, 28. Plaintiff also indicates defendant Bowles ordered Teo to attack before giving plaintiff "any verbal command," which is against the Sheriff Department's "standard operating procedures and policies." *Id.* at 14. Plaintiff alleges Teo has a titanium tooth and, as a result of defendant Bowles's commands, he sustained two dog bites on his right thigh and left leg. *Id.* at 7, 15. Plaintiff alleges defendants Harris, Jablonowski, and Scherffius witnessed the attacks, but did nothing to stop them. *Id.* at 18, 28, 34. Plaintiff suggests the defendants tried to conceal the second bite by not referencing it in the police report. *Id.* at 8-9, 21, 23. Plaintiff asserts this concealment was in violation of Missouri Revised Code 575.020.[2] *Id.* at 10, 23, 31, 37.

---

[2] To the extent plaintiff seeks to bring a claim pursuant to Missouri Revised Code § 575.020, he lacks standing to do so. The statute establishes the crime of "concealing an offense," and a private party cannot prosecute a criminal action. *See Hubbard v. Missouri Dep't of Mental Health*, 2019 WL 1141782, at *2 (W.D. Mo. Mar. 12, 2019) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution . . . of another."); *Jones v. Clinton*, 206 F.3d 811, 812 (8th Cir. 2000) (finding a private party has no standing to prosecute a criminal action)).

Plaintiff further alleges that defendant Bowles failed to intervene when he witnessed Harris, Jablonowski, and Scherffius attack him "with a hard blunt object." *Id.* at 7, 19, 29-30. As a result of the alleged physical assault, plaintiff states he suffered from headaches, two avulsions and several abrasions to his forehead, a nasal septal deviation, swelling, and chest pains. *Id.* at 8, 11, 20, 30.

Lastly, plaintiff alleges defendants subjected him to "medical neglect" because they "failed to call medical professionals for transport" to a hospital. *Id.* at 10, 13, 22-23, 27, 32, 38-39. Plaintiff claims his "health and well-being" were at risk because he did not receive "proper transportation by professionals trained to care for injured patients, who have experienced head trauma." *Id.* at 13, 27, 32, 38-29. Plaintiff does not, however, allege a specific additional injury caused by the manner in which he was transported to the hospital. Although plaintiff complains about the mode of transportation, he confirms he did receive treatment at BJC Parkland Health Care for the two dog bites and head injuries, as he repetitively refers to his treatment records throughout the complaint. *Id.* at 6, 8, 12, 14, 16-21, 25-26, 29-31, 34-36.

For relief, plaintiff seeks monetary damages. *Id.* at 40-46.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

4

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Discussion**

Plaintiff is a self-represented litigant who brings this civil action pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis*, the Court has reviewed his amended complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court will dismiss the official capacity and medical indifference claims brought against all defendants, as well as the claims brought against the canine officer. The Court will, however, issue process on plaintiff's individual capacity claims against defendants Bowles, Harris, Jablonowski, and Scherffius for excessive force and failure to intervene.

5

## A. Official Capacity Claims

Plaintiff has brought this action against all defendants in their official capacities. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer").

In this case, defendants are alleged to be employees of the St. Francois County Sheriff's Department. As such, the official capacity claims against them are actually claims against St. Francois County itself, their employer. St. Francois County is a political subdivision of the State of Missouri. A political subdivision generally cannot be held vicariously liable under 42 U.S.C. § 1983 for unconstitutional acts performed by its employees. *See Johnson*, 172 F.3d at 535 (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). A political subdivision can only be held liable under § 1983 if a constitutional violation resulted from an official policy, custom, or a deliberately indifferent failure to train or supervise. *Id.*; *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cnty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which plaintiff can prove the liability of St. Francois County.

First, plaintiff can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal

6

official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id*. at 390. "A policy may be either a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." *Angarita v. St. Louis Cnty.*, 981 F.2d 1537, 1546 (8th Cir. 1992).

Second, plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cnty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *See Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).

7

Third, plaintiff can assert a municipal liability claim by establishing a deliberately indifferent failure to train or supervise. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989) (explaining that inadequate training may serve as the basis for 42 U.S.C. § 1983 liability only when "the failure to train amounts to deliberate indifference"). To show deliberate indifference, a plaintiff must prove that the municipality "had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." *See Jennings v. Wentzville R-IV Sch. Dist.*, 397 F.3d 1118, 1122 (8th Cir. 2005). Ordinarily, this is done by a plaintiff alleging a "pattern of similar constitutional violations by untrained employees." *See S.M. v. Lincoln Cnty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Here, plaintiff's facts do not point to the existence of any "policy statement, ordinance, regulation, or decision officially adopted and promulgated by [St. Francois County's] governing body" as being at issue in this case. He does not claim that he was bitten by the police canine due to "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." Rather, to the contrary, plaintiff alleges defendant Bowles failed to follow the Sheriff Department's "standard operating procedures and policies" when he ordered Teo to attack before giving plaintiff a verbal command. *See* ECF No. 7 at 14.

Plaintiff also has not established the "existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by" the County employees, much less that County policymaking officials were deliberately indifferent to or tacitly authorized such misconduct, as he only alleges one particular incident on a specific date. Finally, plaintiff has not demonstrated that the County was deliberately indifferent in failing to train or supervise its employees. That is, he has not shown that St. Francois County "had notice that its procedures were inadequate and likely to result in a violation of constitutional rights."

For these reasons, plaintiff has failed to state a claim against St. Francois County and the official capacity claims against all defendants must be dismissed. *See Ulrich v. Pope Cnty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

### B. Claims against Canine Officer Teo

Plaintiff has named Teo, a police canine, as a defendant in this action. However, 42 U.S.C. § 1983 provides that:

> Every *person* who, under color of any statute, ordinance, regulation, custom or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in any action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983 (emphasis added).

Because § 1983 requires a "person" to act, the complaint is legally frivolous as to defendant Teo because "dogs are not 'persons' within the meaning of § 1983." *Hoosier v. Univ. City Police Dep't*, 2010 WL 3340227, at *2 (E.D. Mo. Aug. 23, 2010) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981) (to state a § 1983 claim, a plaintiff must first establish that a person acting under color of state law committed actions which form the basis of the complaint), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 328 (1986)). *See also Sanchez v. Doe*, 2009 WL 3287577, at *2 (E.D. Ark. Oct. 13, 2009) ("A police dog is not a person, and therefore not subject to suit under § 1983."). For this reason, defendant Teo will be dismissed from this action for failure to state a claim.

9

## C. Individual Capacity Claims

### *1. Excessive Force*

"The Fourth Amendment protects citizens from being seized through excessive force by law enforcement officers." *Thompson v. City of Monticello, Ark.*, 894 F.3d 993, 998 (8th Cir. 2018). *See also Andrews v. Fuoss*, 417 F.3d 813, 818 (8th Cir. 2005) ("The right to be free from excessive force is included under the Fourth Amendment's prohibition against unreasonable seizures of the person"); and *Wilson v. Spain*, 209 F.3d 713, 715 (8th Cir. 2000) ("The Fourth Amendment's prohibition against unreasonable seizures of the person applies to excessive-force claims that arise in the context of an arrest or investigatory stop of a free citizen"). The violation of this right is sufficient to support an action under 42 U.S.C. § 1983. *Crumley v. City of St. Paul, Minn.*, 324 F.3d 1003, 1007 (8th Cir. 2003).

Whether force is excessive under the Fourth Amendment requires a determination of whether or not law enforcement officers' actions are "objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Ellison v. Lesher*, 796 F.3d 910, 916 (8th Cir. 2015). Factors that are relevant to the reasonableness of an officer's conduct include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Burnikel v. Fong*, 886 F.3d 706, 710 (8th Cir. 2018).

The use of a canine to effect an arrest is reviewed under the general Fourth Amendment excessive force standard established in *Graham v. Connor*, 490 U.S. 386, 397 (1989). *See Kuha v. City of Minnetonka*, 365 F.3d 590, 598 (8th Cir. 2003), *abrogated on other grounds by Szabla v. City of Brooklyn Park*, 486 F.3d 385 (8th Cir. 2007). To that end, "[a] constitutional problem may arise based on *the manner* in which canines are used." *Szabla*, 486 F.3d at 391 (emphasis in original). By way of example, "a jury could properly find it objectively unreasonable to use a

10

police dog trained in the bite and hold method without first giving the suspect a warning and opportunity for peaceful surrender." *Id*.

Here, plaintiff alleges defendant Bowles was the handler of the canine. Plaintiff claims that defendant Bowles twice commanded the canine to attack without giving plaintiff any verbal commands and while plaintiff was handcuffed, face down on the ground, and restrained by defendant Harris. In addition, plaintiff alleges defendants Harris, Jablonowski, and Scherffius attacked him "with a hard blunt object." Plaintiff claims the force used was so strong that he suffered from two avulsions, several abrasions to his forehead, a nasal septal deviation, and swelling. On this review, the Court must accept these allegations as true, and make all reasonable inferences in plaintiff's favor. *See Jones v. Douglas Cnty. Sheriff's Dept.*, 915 F.3d 498, 499 (8th Cir. 2019). Therefore, the Court will direct the Clerk of Court to issue process on defendants Bowles, Harris, Jablonowski, and Scherffius in their individual capacities as to the excessive force claims.

### 2. *Failure to Intervene*

Under the Fourth Amendment, a police officer may be held liable for failing to intervene to prevent the unconstitutional use of force by another officer. *Nance v. Sammis*, 586 F.3d 604, 612 (8th Cir. 2009). "To establish a failure to intervene claim, . . . the plaintiff must show that the officer observed or had reason to know that excessive force would be or was being used." *Hollingsworth v. City of St. Ann*, 800 F.3d 985, 991 (8th Cir. 2015). *See also Krout v. Goemmer*, 583 F.3d 557, 565 (8th Cir. 2009) (explaining that police officer had duty to intervene to prevent the excessive use of force where the officer was aware of the abuse and the duration of the episode was sufficient to permit an inference of tacit collaboration); and *White*, 865 F.3d at 1081 (stating that in Fourth Amendment excessive force context, a police officer may be liable for failing to

11

intervene "where the officer is aware of the abuse and the duration of the episode is sufficient to permit an inference of tacit collaboration").

Here, plaintiff alleges defendants Harris, Jablonowski, and Scherffius witnessed defendant Bowles twice order his police canine to attack plaintiff while he was handcuffed and restrained. In addition, plaintiff alleges Bowles witnessed defendants Harris, Jablonowski, and Scherffius physically assault him with a hard blunt object to the face. In both instances, none of the defendants intervened to stop the alleged excessive force. Because the Court accepts these allegations as true and makes all reasonable inferences in plaintiff's favor, the Court will direct the Clerk of Court to issue process on defendants Bowles, Harris, Jablonowski, and Scherffius in their individual capacities as to the failure to intervene claims.

### *3. Deliberate Indifference to Medical Needs*

As an arrestee, plaintiff's constitutional claims based on medical neglect fall under the Fourteenth Amendment, but the Eighth Circuit has held that the Eighth Amendment's deliberate indifference standard applies to the claims of arrestees. *Carpenter v. Gage*, 686 F.3d 644, 650 (8th Cir. 2012) (analysis of deliberate indifference claim brought by arrestees is the same as claim brought by inmate); *see Thompson v. King*, 730 F.3d 742, 746 (8th Cir. 2013) (applying deliberate indifference standard to claims of denial of medical care by estate of arrestee).

A claim that officials were deliberately indifferent to the medical needs of an arrestee or inmate involves both an objective and a subjective component. *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997); *see also Farmer v. Brennan*, 511 U.S. 825 (1994). A plaintiff must demonstrate (1) he suffered an objectively serious medical need; and (2) the defendant actually knew of the medical need but, subjectively, was deliberately indifferent to it. *See Grayson v. Ross*, 454 F.3d 802, 808-09 (8th Cir. 2006). "An objectively serious medical need is one that either has been diagnosed by a physician as requiring treatment, or is so obvious that even a 'layperson would

easily recognize the necessity for a doctor's attention.'" *Jones v. Minnesota Dep't of Corrections*, 512 F.3d 478, 481 (8th Cir. 2008) (quoting *Coleman*, 114 F.3d at 784). "In addition, prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844.

Plaintiff claims defendants subjected him to "medical neglect" because they "failed to call medical professionals for transport" to the hospital. ECF No. 7 at 10, 13, 22-23, 27, 32, 38-39. Plaintiff alleges his "health and well-being" were at risk because he did not receive "proper transportation by professionals trained to care for injured patients, who have experienced head trauma." *Id.* at 13, 27, 32, 38-29. Despite plaintiff's disagreement with the means by which he was transported to the hospital, he does not allege a specific injury caused by the officers' decision. Although plaintiff complains about the mode of transportation, he confirms he received treatment at BJC Parkland Health Care for the two dog bites and head injuries. *Id.* at 6, 8, 12, 14, 16-21, 25-26, 29-31, 34-36.

The Court will assume that two dog bites, which required sutures, and a head injury with abrasions were serious medical needs of which defendants Bowles, Harris, Jablonowski, and Scherffius were aware. Plaintiff has not, however, alleged a plausible claim of deliberate indifference to his medical needs because he was taken to the hospital subsequent to his arrest. Plaintiff argues the medical neglect occurred because he should have been taken to the hospital by an ambulance with trained paramedics. Despite this contention, plaintiff does not assert that there was a delay by defendants to take him to the hospital or that the way in which they transported him caused him additional injury. Generally, "a law enforcement officer transporting an injured detainee to a hospital rather than calling an ambulance is not a constitutional violation" without

13

more. *See Woolverton v. City of Wardell*, No. 1:17-CV-170-ACL, 2018 WL 2193663, at *8 (E.D. Mo. May 14, 2018).

Therefore, plaintiff's claims for deliberate indifference against defendants Bowles, Harris, Jablonowski, and Scherffius will be dismissed for failure to state a claim.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall issue summons on the amended complaint as to defendants Officer Jeremy Bowles, Sergeant Tim Harris, Deputy Vincent Jablonowski, and Deputy Ryne Scherffius, in their individual capacities, as to Plaintiff's excessive force and failure to intervene claims, at the address provided by plaintiff: St. Francois County Jail, 1550 Doubet Road, Farmington, Missouri 63640.

**IT IS FURTHER ORDERED** that because plaintiff is proceeding *in forma pauperis* in this action, service shall be effectuated by the United States Marshal's Office through summons, pursuant to Fed. R. Civ. P. 4.  *See* 28 U.S.C. §1915.

**IT IS FURTHER ORDERED** that a copy of the summons and return of summons shall be filed in this matter.

**IT IS FURTHER ORDERED** that plaintiff's claims brought against defendants Officer Jeremy Bowles, Sergeant Tim Harris, Deputy Vincent Jablonowski, and Deputy Ryne Scherffius in their official capacities are **DISMISSED** for failure to state a claim.

**IT IS FURTHER ORDERED** that plaintiff's official and individual capacity claims brought against defendant canine officer, Teo, are **DISMISSED** for failure to state a claim and legal frivolity.

**IT IS FURTHER ORDERED** that plaintiff's individual capacity claims brought against defendants Officer Jeremy Bowles, Sergeant Tim Harris, Deputy Vincent Jablonowski, and

Deputy Ryne Scherffius for medical deliberate indifference are **DISMISSED** for failure to state a claim.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 5th day of February, 2024.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**