# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DAKOTA PACE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-CV-1561 RLW |
| | ) | |
| JEREMY BOWLES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. There has been no activity in this action since the filing of the returns of proof of service upon defendants Jeremy Bowles, Mathew Timothy Harris, Vincent Jablonowski, and Ryne Scherffius on March 1, 2024. ECF Nos. 12-15. Upon careful review of the returns of service filed by the United States Marshals Service, the Court finds the defendants were not sufficiently served with process. For the following reasons, the Court will direct the Clerk to reissue process on the defendants for service by the United States Marshals Service.

Plaintiff seeks damages under 42 U.S.C. § 1983 from the defendants for excessive force and failure to intervene. The defendants are alleged to be employees of the St. Francois County Sheriff's Department in Farmington, Missouri. On February 5, 2024, this Court directed the Clerk to issue process or cause process to issue upon plaintiff's amended complaint as to the defendants in their individual capacities. ECF No. 9. Because plaintiff is proceeding *in forma pauperis* in this action, the Court ordered that service be effectuated by the United States Marshals Service through summons, pursuant to Fed. R. Civ. P. 4.

Federal Rule of Civil Procedure 4(e) provides the following methods by which a plaintiff may effectuate service of process in federal court: (1) as allowed by state law in the state where the district court is located;[1] (2) by "delivering a copy of the summons and of the complaint to the individual personally"; (3) by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"; or (4) by "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e). *See also Cheeks v. Belmar*, 331 F.R.D. 499, 502-03 (E.D. Mo. 2019). If a defendant is not properly served, a federal court lacks jurisdiction over that defendant. *Adams v. AlliedSignal General Aviation Avionics*, 74 F.3d 882, 885 (8th Cir. 1996) (citing *Printed Media Services, Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993)).

---

[1] Missouri Supreme Court Rule 54.13 provides:

> Personal service within the state shall be made . . . Upon an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process.

Missouri Supreme Court Rule 54.13(b)(1). Missouri Supreme Court Rule 54.16 provides, in relevant part, that a defendant may be served by:

> mailing a copy of the summons and petition by first class mail, postage prepaid, to the person to be served, together with two copies of a notice and acknowledgment . . . and a return envelope, postage prepaid addressed to the sender. If no acknowledgment of service under this Rule 54.16 is completed and returned to the sender, service of the summons and petition shall be made as otherwise provided by statute or rule[.]

Missouri Supreme Court Rule 54.16. Missouri courts require strict application of the service-of-process rules to acquire personal jurisdiction over a defendant. *Williams v. Zellers*, 611 S.W.3d 357, 364 (Mo. Ct. App. 2020). "Service of process under Rule 54.16 by first class mail is only satisfied when the acknowledgment of service is completed and returned to the sender[.]" *Carter v. Schoonover*, 2022 WL 993088, at *2 (W.D. Mo. Mar. 24, 2022).

On March 1, 2024, the United States Marshals Service filed four Process Receipts and Returns in this case, indicating that service was effectuated on the defendants. ECF Nos. 12-15. Each return states: "I served the summons on Rhonda Grosbery - Records, who is designated by law to accept service of process on behalf of St. Francois County[.]" *Id.* These documents reflect that defendants Bowles, Harris, Jablonowski, and Scherffius were not personally served or served at their dwellings or usual places of abode with someone who resides there. To the extent the returns of service purport to show service on an authorized agent, the process server stated that Rhonda Grosbery was designated by law to accept service of process on behalf of St. Francois County, not the individual defendants themselves. There is no indication that Rhonda Grosbery was legally authorized to accept service on behalf of the defendants.[2] Service must be personal, and it is not proper if served on a coworker or supervisor. *See e.g.*, *Strahan v. Fibbs, et al.*, Case No. 1:21-CV-28-SNLJ (E.D. Mo. Oct. 21, 2022).

As such, it does not appear the defendants were served in conformance with Rule 4(e) of the Federal Rules of Civil Procedure. Further, as of this date, the defendants have not answered plaintiff's amended complaint and no attorney has entered an appearance on their behalf. Therefore, the Court will direct the Clerk of Court to re-issue process on defendants Bowles, Harris, Jablonowski, and Scherffius.

The Court will further order the United States Marshals Service to personally deliver the summons to the individual defendants at the St. Francois County Jail rather than leaving the summons with any third party. If any of the defendants are no longer employed at the St. Francois County Jail, the United States Marshals Service is directed to indicate such circumstances in the

---

[2]The Court notes that while Missouri law permits service by mail, service is not effective unless the person served returns an acknowledgement of receipt of summons. A review of the record reveals no acknowledgement signed and returned by any of the Defendants.

3

'Remarks' section of the Process Receipt and Return and to attempt to obtain a last known and forwarding address for such defendants.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall issue process or cause process to issue on the amended complaint as to defendants Officer Jeremy Bowles, Sergeant Tim Harris, Deputy Vincent Jablonowski, and Deputy Ryne Scherffius, in their individual capacities, as to plaintiff's excessive force and failure to intervene claims, at the address provided by plaintiff: St. Francois County Jail, 1550 Doubet Road, Farmington, Missouri 63640.

**IT IS FURTHER ORDERED** that the United States Marshals Service shall deliver the summonses and complaints to defendants Officer Jeremy Bowles, Sergeant Tim Harris, Deputy Vincent Jablonowski, and Deputy Ryne Scherffius personally at the St. Francois County Jail, and shall not deliver any of them to a third party. If any of the defendants are no longer employed at the St. Francois County Jail, the United States Marshals Service is directed to indicate this in the 'Remarks' section of the Process Receipt and Return, and to attempt to obtain from Jail personnel last known and forwarding addresses for any defendant who is no longer employed there.

**IT IS FURTHER ORDERED** that the United States Marshals Service shall file a copy of the summons and return of summons for each defendant in this matter.

*Ronnie L. White*
_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 9th day of April, 2024.